**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JASMINE U., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil Action No. 22-6403 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Jasmine U.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her request for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court remands the matter to the Administrative Law Judge ("ALJ") for further proceedings.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

I.       **BACKGROUND**

In this appeal, the Court must consider whether the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

A.       **Procedural History**[2]

On March 8, 2019, Plaintiff filed an application for SSI alleging disability beginning January 1, 2019. (AR 20.) Plaintiff's claim was denied both initially and on reconsideration. (*Id.* at 77, 91.) On October 5, 2019, Plaintiff submitted a disability appeal and requested a hearing before an ALJ. (*Id.* at 108.)

On June 7, 2021, the ALJ held a telephone hearing with the parties and an impartial vocational expert. (*Id.* at 20, 39-67.) The ALJ examined the evidence and medical records submitted by Plaintiff regarding her alleged disabilities and limitations, and considered the testimony of the vocational expert as to possible employment options based on hypothetical restrictions and impairments, such as jobs that are "in a low-stress working environment." (*Id.* at 39-67.) During the hearing, Plaintiff's counsel was given the opportunity to examine Plaintiff and was permitted to question the vocational expert; Plaintiff's counsel asked the vocational expert, among other things, about the definition of the term "low stress," which the vocational expert used during her testimony. (*Id.* at 45-62, 64-66.)

---

[2] The Court will reference the relevant pages of the Administrative Record ("AR", ECF No. 4) and will not reference the corresponding ECF page numbers within those files. On September 15, 2023, the Commissioner requested that the Court redact the AR because a transcript of a third party was "inadvertently included" in the administrative transcript. (ECF No. 12.) The Court granted the request (ECF No. 22), but the parties have yet to file an updated AR. The Court, therefore, relies upon the AR located at ECF No. 4.

On September 2, 2021, the ALJ issued a decision denying Plaintiff's disability application, finding that Plaintiff was not disabled under the Act. (*Id.* at 30.) Plaintiff appealed the decision. (*Id.* at 12-13.)

On September 26, 2022, the Social Security Administration's Appeals Council affirmed the ALJ's September 2, 2021 decision. (*Id.* at 1-6.) On November 1, 2022, Plaintiff filed an appeal to this Court. (*See generally* Compl. 1, ECF No. 1.)

**B.      The ALJ's Decision**

In her September 2, 2021 written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations. (AR 30.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 21-22.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity" during the relevant time period. (*Id.* at 22.) At step two, the ALJ determined that Plaintiff has several severe impairments: borderline personality disorder, generalized anxiety disorder, major depressive disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, and learning disorder.[3] (*Id.*) Despite Plaintiff's several severe impairments, the ALJ determined during her step-three analysis that Plaintiff's impairments did not meet or medically equate to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 23-24.) The ALJ "considered all symptoms and the extent to which these symptoms can be reasonably

---

[3] Although several doctors acknowledged Plaintiff's obesity, the ALJ found the diagnosis to be non-severe. (*Id.* at 22-23 ("In this matter, there is no evidence of any significant or additional limitations that are attributable to the claimant's obesity. Furthermore, no aggressive treatment was recommended or anticipated for this condition. Accordingly, this medically determinable impairment is non-severe.").) The ALJ also acknowledged that Plaintiff "was diagnosed with bipolar disorder, unspecified, and major depressive disorder" and "was treated with medication." (*Id.* at 26.)

3

accepted as consistent with the objective medical evidence and other evidence" to determine that Plaintiff possessed the residual functional capacity ("RFC")[4] to do (or not do) the following:

> [P]erform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant retains the ability to carry out simple, routine tasks on a continuous basis with simple instructions and simple work-related decisions in a low stress work environment. The claimant can have occasional interaction with co-workers and supervisors but is not able to engage in customer service work. The claimant can tolerate occasional changes in the work setting and work processes.

(*Id.* at 25.) At step four, the ALJ found that Plaintiff did not have any past relevant work. (*Id.* at 29.) At step five, the ALJ found that "[c]onsidering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" (*Id.*) In doing so, the ALJ relied upon the vocational expert's testimony regarding whether a hypothetical individual like Plaintiff would be able to perform the requirements of such jobs, and whether the testimony was "consistent with information contained in the Dictionary of Occupational Titles." (*Id.* at 29-30.) Based on these considerations, the ALJ found that Plaintiff was not under a disability since the application filing date for the purposes of Plaintiff's SSI claim. (*Id.* at 30.)

## II.     LEGAL STANDARD

### A.     Standard of Review

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

---

[4] RFC is defined as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§ 404.1545(a) and 416.945; *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e)(2), and 416.946(c).

4

reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

Even amid this deferential standard, the Third Circuit has explained that the review must be a qualitative exercise requiring thorough examination of the ALJ's decision and the record:

> This oft-cited language is not . . . a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary [of Health and Human Services] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion. The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett*, 220 F.3d at 121. If the ALJ has not done this and has not sufficiently explained the weight given to the evidence, "to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (citation omitted). The ALJ must state both the evidence considered as well as the evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." (internal citation omitted)).

  **B. Establishing Eligibility for Supplemental Security Income**

  To be eligible for SSI under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [she is] not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to social security income benefits. *Id.* If she cannot so demonstrate, the eligibility analysis proceeds to step four.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR 416.920(e). In doing so, the ALJ must consider all the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 416.920(e), § 416.945(a)(2); SSR 96-8p. Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. *Id.* § 404.1520(a)(4)(iv). If the claimant's RFC permits other employment, the claimant is not "disabled" and not entitled to SSI benefits. *Id.* If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(f). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant will receive social security income benefits. *Id.* § 404.1520(g).

7

## III. DISCUSSION

Plaintiff appeals the ALJ's decision and raises two central arguments. First, Plaintiff alleges that the ALJ's determination regarding the RFC is inaccurate because the ALJ omitted three mental disorders from steps two and three of the disability analysis. (Pl.'s Moving Br. 12-17.) Second, Plaintiff alleges the vocational expert relied on an inaccurate understanding of "low stress" jobs proffered in step five because the ALJ did not define the term. (*Id.* at 17-19.) The Court begins with Plaintiff's first argument.

Plaintiff contends that the ALJ failed to determine whether three mental disorders—bipolar disorder, bipolar disorder with psychotic features, and dissociative identity disorder—were medically determinable impairments and, in turn, severe at the second step of the disability analysis. (*Id.* at 12-14.) Further, Plaintiff argues that the ALJ failed to evaluate the three mental disorders at step three when considering whether Plaintiff's impairments are equal to at least one of the listed impairments in 20 C.F.R. § 404.1520(a)(4)(iii). (*Id.* at 14.) In particular, Plaintiff alleges that the ALJ failed to discuss bipolar disorder with psychotic features and dissociative identity disorder entirely in her decision. (Pl.'s Reply 1-4.) As a result, Plaintiff argues that the ALJ "tainted the entire sequential evaluation" and erred in finding Plaintiff not disabled. (Pl.'s Moving Br. 13-14, 17.)

The Court agrees with Plaintiff that the ALJ should have considered these mental diagnoses at step three. "The ALJ is duty-bound to analyze all the relevant evidence in the record and must provide adequate explanations for disregarding or rejecting any portion of the record." *Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995), *aff'd sub nom.*, *Alexander v. Comm'r of Soc. Sec.*, 85 F.3d 611 (3d Cir. 1996) (citing *Brewster v. Heckler*, 786 F.2d 581, 584-85 (3d Cir. 1986)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in

8

most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Yet, the ALJ failed to discuss Plaintiff's diagnoses of bipolar disorder with psychotic features and dissociative identity disorder *at all* in her decision, despite several medical records citing to such impairments. (*See generally* AR 17-36, 654, 836, 911, 933-34, 951, 977-78, 987, 1009, 1016, 1115.) Without the ALJ's explanation as to why the disorders were not included in her findings, this Court cannot determine whether the reasons for omitting or disregarding them were proper. *See Cotter*, 642 F.2d at 706-07; *Stockett v. Comm'r of Soc. Sec.*, 216 F. Supp. 3d 440, 454 (D.N.J. 2016) ("While the Commissioner's decision need not discuss 'every tidbit of evidence included in the record,' it must consider all pertinent medical and non-medical evidence and 'explain [any] conciliations and rejections[.]'" (citations omitted)).

Indeed, courts have found that "[f]ailing to find an impairment to be severe may be harmless when the ALJ does not deny benefits at that step and *properly considers the condition in the remaining analysis.*" *See Edinger v. Comm'r of Soc. Sec.*, 432 F. Supp. 3d 516, 531 (E.D. Pa. 2020) (emphasis added) (quoting *Rutherford*, 399 F.3d at 552-53). Here, harmless error does not apply because although the ALJ mentioned Plaintiff's bipolar disorder at step four, the ALJ did not acknowledge Plaintiff's additional diagnoses of bipolar disorder with psychotic features or dissociative identity disorder diagnoses in any subsequent analysis. (*See generally* AR 17-36.)

On remand, the ALJ must consider and evaluate specific medical evidence from the record, if any, to determine whether those impairments are severe and would impact Plaintiff's RFC finding. *See Fargnoli*, 247 F.3d at 42 ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case where the [plaintiff] . . . has voluminous medical records, we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with [her] responsibilities under the regulations and case law.").

Given that the Court finds that the ALJ's step three determination was not based on substantial evidence, it does not reach arguments related to the remaining steps.

IV.  **CONCLUSION**

For the reasons set forth above, the Court remands this matter for further proceedings consistent with this Memorandum Opinion. An appropriate Order accompanies this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE